UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| BRITTANY KEYS<br>1896 Bolton School Road<br>Bonnieville, Kentucky  42713<br><br>    Plaintiff<br><br><br>vs.<br><br>DART CONTAINER CORPORATION<br>OF KENTUCKY<br><br>    Defendant<br><br>**SERVE:** Robert Ebelhar<br>     2400 Harbor Road<br>     Owensboro, Kentucky  42301 | CIVIL ACTION NO. 1:08cv-138-M |

### COMPLAINT

Plaintiff, Brittany Keys, by counsel, states as follows for her Complaint against the Defendant, Dart Container Corporation of Kentucky ("Dart").

### **PARTIES**

1. Plaintiff is an adult female and a resident of Bonnieville, Hart County, Kentucky.

2. Defendant, Dart Container Corporation of Kentucky, is a Michigan corporation licensed to do business and doing business in Kentucky as Dart Container Corporation, located at U.S. Highway 31 West, Horse Cave,

Kentucky, 42749, and is subject to the personal jurisdiction of this Court pursuant to the Kentucky Long Arm Statute, KRS 454.210 and 452.450.

3. At all times relevant to this Complaint, Dart has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e(g) and (h).

4. At all times relevant to this Complaint, Dart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C.A. § 12111(2).

## PROCEDURAL REQUIREMENTS

5. Plaintiff filed complaints with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of The Americans with Disabilities Act ("ADA") and retaliation for filing charges of discrimination in violation of the ADA. On June 30, 2008, Plaintiff received notification from the EEOC of her right to commence this litigation within ninety (90) days of receipt of said notice. (Copy of right to sue letters attached as Exhibit A.)

6. Accordingly, all jurisdictional and procedural requirements to the institution of this lawsuit have been fulfilled, and Ms. Keys has exhausted her administrative remedies as required by law.

## JURISDICTION AND VENUE

7. The United States District Court for the Western District of Kentucky has subject matter jurisdiction over the final disposition of this matter

under the provisions of 28 U.S.C.A §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C.A § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.A. § 2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a.

8. The employment practices alleged in this Complaint to be unlawful were committed in Horse Cave, Kentucky and Dart is located in the Western District of Kentucky. Consequently venue in this jurisdiction is proper pursuant to 28 U.S.C.A § 1391.

## **FACTS**

9. Brittany Keys began working for Dart in or around October 2004. Ms. Keys was an outstanding employee.

10. During her entire period of employment with Dart, Ms. Keys received excellent evaluations of her work performance.

11. In February, 2007, Ms. Keys became severely ill and was forced to take an approved leave of absence from Dart utilizing time she had accrued under the Family Medical Leave Act ("FMLA"). On April 2, 2007, she was diagnosed with multiple sclerosis (MS).

12. Ms. Keys returned to work on April 11, 2007 but was later forced to take intermittent leave under the FMLA.

13. Ms. Keys immediately informed Dart of her MS diagnosis upon her return to work on April 11, 2007. After learning of Ms. Keys' diagnosis, Dart regarded Ms. Keys as an individual with a disability.

14. Dart was advised that a heated environment would aggravate Ms. Keys' MS symptoms, which included pain, blurred vision and loss of balance.

15. Ms. Keys was employed as an Inspector/Packer, which involved exposure to heat and working on her feet, among other job responsibilities and qualifications.

16. On April 18, 2007, Ms. Keys requested a job modification or accommodations based on her MS disability. Specifically, Ms. Keys requested, in part, a job transfer to an indoor clerical or inspector position that would allow her to work in cooler temperatures.

17. On May 11, 2007 Dart informed Ms. Keys that her request for accommodations was denied. Ms. Keys was also advised that there were no open positions meeting the above description. Ms. Keys continued to work as an Inspector/Packer and continued to suffer from MS symptoms.

18. In or around July, 2007, a position became available at Dart performing inside office and/or clerical work. Ms. Keys applied for the position, for which she was qualified.

19. Ms. Keys was not given the position. Instead, another individual with less experience and training, but without a disability or perceived disability, was hired for the position.

20. On or around September 5, 2007, Ms. Keys, for the second time, requested an accommodation from Dart based on her MS disability.

21. Ms. Keys requested an office and/or clerical job allowing her to stay seated, conserve energy and be in a cooler environment.

22. On or around October 2007, Ms. Keys filed a charge of discrimination with the EEOC against Dart, alleging that she was denied an accommodation and was not hired for the open office position at Dart for which she was fully qualified, in violation of the ADA and KRS §§ 344, et seq.

23. On December 31, 2007, Dart, for the second time, denied Ms. Keys' request for a job modification and/or new position, claiming that there were no positions open that conformed to her requests for which she was qualified.

24. On that same date, she was terminated from her position as Inspector/Packer at Dart. Ms. Keys asked Dart if she could remain in her current position as Inspector/Packer without accommodation. Dart denied her request.

25. Ms. Keys was discharged from her position at Dart in retaliation for filing a charge of discrimination with the EEOC, in violation of the ADA and KRS §§ 344, et seq.

26. Ms. Keys was a qualified individual with a disability as defined by the ADA, who was able to perform the essential functions of her position with or without reasonable accommodation.

27. Ms. Keys was a qualified individual with a disability as defined by the ADA, who would have been able to perform essential functions of her desired office and/or clerical position with or without reasonable accommodation.

## COUNT I: VIOLATION OF ADA TITLES I AND V

28. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 of her Complaint as if the same were set forth herein.

29. The actions by Dart as alleged above constitute unlawful employment practices in violation of ADA §§ 102(a), 102(b)(1), 102(b)(5)(B), 503(a), 42 U.S.C.A. §§ 12112(a), 12112(b)(1), 12112(b)(5)(B), and 12203(a) and KRS §§ 344, et seq. All conduct alleged above occurred during a legally cognizable time period at Dart's Horse Cave facility.  These practices include, but are not limited to (1) Dart's refusal to grant Ms. Keys a reasonable accommodation for her MS disability; (2) Dart's refusal to promote Ms. Keys to a position for which she was qualified and instead hiring a less qualified individual without a disability; and (3) terminating Ms. Keys' employment even though she was able to perform the essential functions of her position with or without reasonable accommodation, in retaliation for filing a charge of discrimination.  All of Dart's actions were taken because of Ms. Keys' disability or perceived disability, and in retaliation for filing a charge of discrimination.

30. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Ms. Keys has suffered and will continue to suffer pain, humiliation, extreme and severe mental anguish and emotional distress, she has incurred and will continue to incur medical expenses and other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Ms. Keys is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31. As a further direct and proximate result of Defendant's violation of Titles I and V of the ADA, and KRS §§ 344, et seq., as described, Ms. Keys has

been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Dart and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Ms. Keys.

32. Dart's employment practices, as alleged above, deprived Ms. Keys of equal employment opportunities and otherwise adversely affected her status as an employee and were the result of Ms. Keys' disability or perceived disability and in retaliation for filing a charge of discrimination.

33. Dart's employment practices, as alleged above, were intentional and malicious, and done with intentional or reckless disregard of Ms. Keys' federally protected rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Brittany Keys, demands judgment against the Defendant, Dart Corporation of Kentucky, in an amount which will compensate her for:

1. Violation of her rights under Titles I and V of the Americans with Disabilities Act;
2. Violation of her rights pursuant to the Kentucky Constitution and Chapter 344 of the Kentucky Revised Statutes;
3. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; severe emotional distress and humiliation, past and future; and past and future medical expenses and/or medical insurance premiums and other pecuniary losses.

4. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

5. Trial by jury on all issues so triable;

6. Costs expended herein, including reasonable attorneys' fees; and

7. Any and all other relief to which they may be entitled.

Respectfully submitted,

s/ Jasper D. Ward
Vanessa B. Cantley
Jasper D. Ward
BAHE COOK CANTLEY & JONES PLC
700 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
Tel. (502) 587-2002
Fax (502) 587-2006
*COUNSEL FOR PLAINTIFF*

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL WITH A COPY OF THE SUMMONS AND COMPLAINT AS FOLLOWS:

DART CONTAINER CORPORATION OF KENTUCKY
Registered Agent: Robert Ebelhar
2400 Harbor Rd.
Owensboro, Kentucky 42301